Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3559 | **DATE** | June 6, 2013 |
| **CASE TITLE** | \multicolumn{3}{l|}{Luther Washington (B-72174) v. Tom Dart, et al.} |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3] and waives the initial partial filing fee. Trust fund account officials at Plaintiff's place of confinement are authorized to make deductions from Plaintiff's prison trust account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint within 30 days of the date of this order. Failure to comply timely will result in the summary dismissal of this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Luther Washington, is currently confined at Stateville Correctional Center. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against officers at the Cook County Jail concerning events that occurred there in December 2012. Plaintiff alleges he suffers from schizophrenia; his ankle was injured earlier in 2012 when he was shackled; after the shackling incident, Plaintiff used a cane and was receiving physical therapy for the ankle; on or about December 12, 2012, Plaintiff was called to the medical dispensary to receive his medications; he asked Officer Rivers if he could use the elevator; Rivers replied no and told him to use the stairs; Plaintiff fell while going down the stairs; he was taken to Cermak Health Services, where Dr. Kahn acted in a rude and unprofessional manner. Plaintiff contends that Dr. Kahn, in a loud and frightening tone, ordered Plaintiff to get off the gurney and walk to another room for x-rays and that, due to Dr. Kahn's behavior, Plaintiff had to undergo a psychological examination when he returned to his division. Plaintiff states that he had heard that Dr. Kahn is rude to all African-American male inmates. Plaintiff also names Cook County Sheriff Tom Dart, Cook County Department of Corrections Executive Director Hickerson, and Superintendent Reyes for allowing such conduct by Dr. Kahn and Officer Rivers.

     Plaintiff's *in forma pauperis* ("IFP") motion shows that he is unable to pre-pay the filing fee and is granted. The initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

     Although Plaintiff may proceed *in forma pauperis* and must pay the filing fee for having brought this action, his complaint does not state a claim upon which this court can grant relief. To state a constitutional claim of deliberate indifference, Plaintiff must state facts that indicate both (1) that his medical condition was "objectively, sufficiently serious," and (2) that the defendant acted with a "sufficiently culpable state of mind," i.e., the Defendant

| STATEMENT |
|---|

was actually aware of a serious medical condition and consciously disregarded it by failing to take reasonable steps to address it. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012), citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Neither negligence nor gross negligence suffices. In order to state a federal civil rights claim, there must be facts indicating a state of mind comparable to criminal recklessness. *Holloway*, 700 F.3d at 1073.

Plaintiff's allegations about Officer Rivers making Plaintiff use stairs instead of an elevator indicate at most only negligence or gross negligence but not a culpable state of mind comparable to criminal recklessness. As to Dr. Kahn, the allegations do not indicate deliberate indifference with respect to Plaintiff's injuries (in fact, Plaintiff states that Dr. Kahn directed that x-rays be taken). Plaintiff's allegations concern only Dr. Kahn's tone during the examination, contending that he was rude and unprofessional. Harsh words and unprofessional conduct, however, are insufficient to support a constitutional claim for § 1983 relief. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Although Plaintiff states he heard that Dr. Kahn treats African-American inmates differently than other inmates, such statements are too speculative to support a claim of discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2009) (the factual allegations of a complaint must be plausible and "enough to raise a right to relief above the speculative level"). Similarly, Plaintiff's contentions that supervisory officials are aware of rude and unprofessional behavior by jail officers and physicians also fail to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (2009); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (sometimes the allegations in a complaint may be too sketchy or implausible to state a claim for relief).

Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint that states valid claims. Plaintiff is advised that an amended complaint supercedes and replaces a prior complaint and must stand complete on its own. The Court will look only to the amended complaint to determine the claims and parties to this suit. Also, Plaintiff must submit a judge's copy and a copy for each named Defendant. If Plaintiff needs amended complaint forms, he may request them from the Court. Plaintiff is given 30 days to comply with this order. If the Court receives no pleadings from Plaintiff within that time, the Court will summarily dismiss this case.